1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SCOTT SIMEON (NYBN 5012653)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       FAX: (408) 535-5066
        scott.simeon@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 17-00237-3 BLF |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: December 15, 2020 |
| MARTHA ZUNIGA-TIRADO, | Time: 9:00 A.M. |
| Defendant. | Court: Courtroom 3, Floor 5 |

On June 23, 2020, defendant Martha Zuniga-Tirado pled guilty to Count Four of the captioned Indictment (ECF No. 8) charging her with Possession with Intent to Distribute Methamphetamine. ECF Nos. 150–51. The parties are scheduled to appear before the Court on December 15, 2020, for a sentencing hearing.

The government agrees with the offense conduct as it is described by the U.S. Probation Office in paragraphs 9 to 25 of the Presentence Investigation Report (PSR), ECF No. 155. The government also agrees that the guideline imprisonment range is 46 to 57 months. PSR ¶ 82. This guideline range adequately accounts for the defendant's offense conduct, including factors such as the quantity and purity of methamphetamine that the defendant delivered, the defendant's lack of criminal history, and the defendant's minor role in the instant offense. The government recognizes that there are mitigating

UNITED STATES' SENTENCING MEMORANDUM
CR 17-00237-3 BLF

factors that may warrant a sentence below the guideline range, *see* PSR ¶ 99, and that a range of reasonable sentences are available to the Court in this case. The government does not offer a specific sentencing recommendation, but offers for the Court's consideration the following aggravating factors that weigh against a sentence below the guideline range, or at least against a significant downward variance.

First, although there "are no identifiable victims in this case," PSR ¶ 26, that does not mean that methamphetamine trafficking is a victimless crime. According to the San Francisco Department of Public Health, methamphetamine "is a growing and evolving public health and safety concern," and "[n]umerous indicators suggest increasing methamphetamine-related morbidity and mortality." *See Overview of Methamphetamine Usage & Trends in SF (April 2019)*, SF DEPARTMENT OF PUBLIC HEALTH, OFFICE OF POLICY AND PLANNING, at 1–2, *available at* https://www.sfdph.org/dph/files/MethTaskForce/Meeting%201%20Issue%20Brief.pdf. For example, "[d]eaths determined to have been caused by methamphetamine in San Francisco have steadily increased from 1.8 per 100,000 in 2008 to 11.5 in 2017," when "22 percent of the city's overdose deaths involving cocaine … [and] 35 percent of overdose deaths from fentanyl also involved methamphetamine." *Id.* at 4. Ms. Zuniga was well aware of the dangers of methamphetamine use, as she previously used methamphetamine herself and became upset when her minor son found a bag of methamphetamine that a codefendant had left in her home. PSR ¶ 18. Despite this awareness, she was willing to help distribute methamphetamine to other people, not because she was in extremis, but to earn money to go shopping for clothes. PSR ¶ 17.

Second, although the PSR Sentencing Recommendation is premised in part on the idea that "[t]he defendant's involvement in the conspiracy consisted of a single transaction for which she received $600," that in fact is not true. Ms. Zuniga was associated with codefendant Ricardo Rios-Angulo for several years and knew that he was a drug trafficker. PSR ¶ 17. In addition to delivering drugs, she also "delivered large amounts of currency" for him, and let him work on vehicles in her barn so that he could modify those vehicles and use them "to conceal and transport methamphetamine from Mexico to California." PSR ¶ 18. In other words, because the guideline imprisonment range only takes into account the drugs involved in a single transaction, it does not take into account the full scope of the

defendant's involvement in the drug conspiracy.  Consequently, her further involvement must be considered an aggravating factor.

     As noted above, the government is not making a specific sentencing recommendation, but is offering the aggravating factors above so that the Court may consider the totality of the circumstances in fashioning an appropriate sentence.

DATED:  December 8, 2020                         Respectfully submitted,

                                                           DAVID L. ANDERSON
                                                           United States Attorney

                                                           */s/ Scott Simeon*
                                                           SCOTT SIMEON
                                                           Assistant United States Attorney